The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn II and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and amend the Opinion and Award. Accordingly, the Full Commission modifies and affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as an executed Pre-Trial Agreement, as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. An employer-employee relationship existed between defendant-employer and plaintiff at all relevant times herein.
3. Aetna Life Casualty Company was the carrier on risk for workers' compensation coverage at all relevant times herein.
4. Plaintiff's average weekly wages at the time of the accident herein were $317.56 per week.
5. The date of the injury was February 22, 1991.
6. The issues to be determined are:
 a) Whether plaintiff is due any permanent partial disability benefits as a result of an injury she sustained on February 22, 1991 by accident while in the course and scope of her employment with defendant-employer.
 b) Whether plaintiff is entitled to receive permanent partial disability benefits for her left fingers, left hand, left arm and/or left shoulder; or whether she is entitled to receive only permanent partial disability benefits for her left arm.
 ***********
The Pre-Trial Agreement along with its attachments and the stipulations is hereby incorporated by reference as though they were fully set out herein.
 ***********
The Full Commission finds facts as follows:
 FINDINGS OF FACT
1. The parties entered into a Form 21 Agreement on or about 22 March 1991 in which the defendants admitted that plaintiff had sustained an injury by accident while in the course and scope of her employment with defendant-employer when her left number two (2) finger and left hand was caught in a Belmont Winder. Defendants further agreed that plaintiff's average weekly wage was $317.56 at the time of this accidental injury.
2. Defendants also agreed in the Form 21 to pay plaintiff compensation at the rate of $211.71 for necessary weeks beginning 11 March 1991. The Industrial Commission approved this agreement on 18 June 1991.
3. Thereafter, plaintiff was given a five percent (5%) permanent partial disability rating to her left hand. Defendants paid plaintiff for this rating pursuant to a Form 26 Agreement which was approved on 3 September 1991.
4. Plaintiff later complained of numbness and tingling in her left hand. She was sent back to see Dr. Dunnaway who had previously treated her for her injury. Dr. Dunnaway performed fusion surgery on plaintiff's left index and long fingers on 29 October 1992. Plaintiff continued to complain and in December 1992, Dr. Dunnaway diagnosed her condition as left shoulder adhesive capsulitis. Dr. Dunnaway treated her condition with physical therapy and on 10 June 1993 gave her a permanent partial disability rating of twenty percent (20%) to her left arm. Dr. Dunnaway was of the opinion that plaintiff's left arm disability was related to her admittedly compensable accidental injury.
5. Plaintiff continued to have problems with her left arm and she sought additional treatment from Dr. Whitman. Dr. Whitman diagnosed her condition as post operative shoulder/hand syndrome with adhesive tendinitis of the shoulder. Dr. Whitman gave plaintiff a thirty-five percent (35%) permanent partial disability rating to her left arm on 22 July 1993.
6. Plaintiff was thereafter seen and treated by Dr. Michael King. Dr. King gave plaintiff a five percent (5%) permanent partial disability rating to her left upper extremity due to adhesive capsulitis; forty percent (40%) permanent partial disability to her left long finger; forty-five percent (45%) permanent partial disability to her left index finger; eighteen percent (18%) permanent partial disability to her left hand; and, sixteen percent (16%) permanent partial disability to her left arm. However, the 16% rating for the left arm included the hand and if the hand and arm were rated separately, he rated the hand at 18% and the arm at 5%.
7. If Dr. King's finger ratings were treated separately from the hand they would total 30.25 weeks of compensation under N.C. Gen. Stat. § 97-31. Dr. King's rating for the hand as a whole (including the fingers) yields 36 weeks of compensation.
8. If Dr. King's hand rating were treated separately from the arm it would yield 36 weeks of compensation and the arm would yield 12 weeks. Dr. King's rating for the arm as a whole (including the hand and fingers) yields 38.4 weeks of compensation.
9. Dr. King's rating of 18% for the hand as a whole and 5% for the arm separate from the hand were the best reasoned of all ratings in evidence and are found to be just, fair and reasonable to all parties.
10. The following matrix illustrate's Dr. King's ratings:
Body Part Rating Weeks for 100% Weeks for Rating
arm (including hand) W.16 40 28.4 hand 3.18 000 26 index finger 3.45 05 40.25 long finger 2.4 05 20 arm (excluding hand) .05 040 22
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury by accident on 22 February 1991 while in the course and scope of her employment with defendant-employer.
2. As a result of her injury by accident on February 22, 1991, plaintiff sustained an eighteen percent (18%) permanent partial disability to her left hand and a five percent (5%) permanent partial disability to her left arm. Defendants have already paid plaintiff for five percent (5%) permanent partial disability rating to her left arm and they are due credit for the same.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees hereinafter awarded, defendant shall pay to plaintiff permanent partial disability benefits at the rate of $211.71 per week for thirty-six (36) weeks for her left hand. Defendants have already paid the 12 weeks of compensation for the left arm and owe nothing further with respect to that rating because of the credit due.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of the compensable injury, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. An attorney's fee of twenty-five percent (25%) of the total compensation due plaintiff herein is hereby awarded to plaintiff's counsel as attorney's fees. Payment shall be made by deducting this amount from the sum due plaintiff and paying said amount directly to plaintiff's counsel.
4. Defendants shall pay the costs of this action.
This 17th day of February 1999.
 S/ _____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________ LAURA KRANIFELD MAVRETIC COMMISSIONER